# IN THE COURT OF APPEALS OF IOWA

No. 21-0840
Filed June 29, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROBERT JAY HENRY JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jefferson County, Daniel Kitchen,

District Associate Judge.


        Robert Henry, Jr. appeals the sentences imposed following his convictions

for assault and assault on persons engaged in certain occupations.  **AFFIRMED.**


        Lanny M. Van Daele of Van Daele Law, LLC, North Liberty, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**VAITHESWARAN, Presiding Judge.**

Robert Jay Henry Jr. pled guilty to (1) assault and (2) assault on persons engaged in certain occupations. *See* Iowa Code §§ 708.2(6), 708.1, 708.3A(4) (2020). On the first count, the district court sentenced Henry to thirty days in jail with all but seven days suspended and, on the second count, the court imposed sixty days in jail with all but seven days suspended. The court ordered the sentences served consecutively and placed him on probation for one year. Henry appealed.[1]

Henry contends "the district court abused its discretion in providing two consecutive 7-day jail sentences." He asserts the court should have "more strongly consider[ed]" his "supervised pretrial release for about a year and four months without issue or trouble," his completion of "a substance abuse evaluation," his participation "in mental health therapy," the "unexpected" interaction of his antidepressant with alcohol, his mental-health diagnoses, and his "deep regret for the incident."

At the sentencing hearing, the State requested no suspension of the thirty- and sixty-day jail sentences while Henry requested complete suspension of both.

---

[1] We note there is "no right of appeal from a conviction for a simple misdemeanor; any appeal must be by way of discretionary review." *State v. Williams*, No. 15-1553, 2017 WL 108292, at *3 (Iowa Ct. App. Jan. 11, 2017); *see also* Iowa Code § 814.6(1)(a)(1). Although Henry did not seek discretionary review from his conviction for simple assault, our rules of appellate procedure allow us to proceed "as though the proper form of review had been requested." Iowa R. App. 6.108. We accordingly treat this appeal as a delayed request for discretionary review of the simple assault conviction, which we grant. We further note the State agrees Henry has good cause to appeal his sentences since they were "neither mandatory nor agreed to in the plea bargain." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020); *see also* Iowa Code § 14.6(1)(a)(3).

The district court stated, "We've got an assault, an assault on an officer." The court agreed with Henry "that some suspended jail time" was "appropriate in this case" but declined to suspend the entire term. The judgment entry contained stock language stating the court considered "the nature and seriousness of the offense, victim and community impact, rehabilitation of the defendant, and protection of the community from further offenses by the defendant and others."

Although the reasons for the sentence were brief, we conclude they did not amount to an abuse of discretion. *See State v. McCalley*, 972 N.W.2d 672, 676 (Iowa 2022) ("We afford sentencing judges a significant amount of latitude because of the discretionary nature of judging and the source of the respect afforded by the appellate process." (internal quotations and citation omitted)). We affirm Henry's sentence.

**AFFIRMED.**